# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM INGRAM,

    Defendant.

Case No. 2:14-cr-40
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant William Ingram's ("Ingram") *Compassionate Release Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)*. (ECF No. 36.) The Government responded (ECF No. 40) and therefore Ingram's motion is ripe for review. For the reasons set forth below, the Court **DENIES** Ingram's *Compassionate Release Motion*. (ECF No. 36.)

### I.

On March 20, 2014, Ingram plead guilty to a one-count Information that charged him with receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). (*See* ECF No. 11.) The same day, Ingram appeared before the Magistrate Judge and was ordered released pending his sentencing, subject to numerous conditions and the supervision of a Pretrial Services Officer. (*See* ECF No. 9.) Within two weeks, Ingram's supervising Pretrial Services Officer notified the Court that Ingram had violated his terms of release by possessing two devices capable of accessing the Internet. (ECF No. 13.)

On April 16, 2014, the Magistrate Judge held a show cause hearing where the Pretrial Services Officer testified how he discovered Ingram had possessed the prohibited devices and about how he subsequently learned that Ingram had also used the computer of Ingram's mother,

despite the Pretrial Services Officer's prior warnings to refrain from doing so. The Magistrate Judge concluded that Ingram had violated the terms of his presentencing release and that, given his prior criminal history, no conditions of release could ensure that Ingram would not pose a danger to the safety of any other person or the community, if released. (ECF No. 19.)

The Presentence Investigation Report ("PSR") that was prepared for Ingram recommended a sentence of 150 months of incarceration, which was in the middle of the calculated guideline range, based on a 31 total offense level and category III criminal history. On July 15, 2014, the Court sentenced Ingram to 94 months of incarceration and a 10-year term of supervised release. (ECF No. 26.) Ingram is currently due to be released from the BOP on February 7, 2020.

On May 29, 2019, Ingram filed the current motion, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), requesting this Court to order the Bureau of Prisons ("BOP") to immediately release him from incarceration so that he can care for his 93-year-old mother. According to the exhibits Ingram attached to his motion, his mother suffers from chronic kidney disease and multiple myeloma. (ECF No. 36, Exs. A, B, C, D.) She is currently in hospice and has no other relatives to care for her. (*Id.*)

## II.

Since 1984, when Congress passed the Sentencing Reform Act, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under limited circumstances. *See* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, district courts could grant compassionate release sentence reductions only upon motion by the Director of the BOP. *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility...."

Under the Sentencing Reform Act as amended by the First Step Act, a defendant must satisfy one of two conditions before a court can grant a compassionate release sentence reduction. Either (i) the defendant must be at least 70 years old, have served at least 30 years in prison, and the BOP Director must have determined the defendant is not a danger to the public; or (ii) "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). The later provision is at issue in this case.

### III.

Ingram seeks relief under Section 3582(c)(1)(A)(i), which (as stated above) authorizes the Court to reduce his sentence upon finding that "extraordinary and compelling reasons warrant such a reduction...." Ingram asserts that he has exhausted his administrative rights to appeal the BOP's failure to move to reduce his sentence, and the Government does not dispute that assertion. Therefore, the Court may consider Ingram's motion.

Ingram argues that he has extraordinary and compelling family circumstances that warrant his compassionate release. While the Court empathizes with the Ingram family's difficult situation and understands that Mrs. Ingram's medical conditions are no doubt serious, family circumstances that constitute "extraordinary and compelling reasons" simply do not include Ingram's mother. Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.

3

While the Court is sympathetic, the circumstances here do not warrant an early release. The Court does recommend, but does not order, that the BOP consider Residential Reentry Center placement for Ingram in Columbus in order to allow him to both complete his sentence and visit his mother.

## IV.

In conclusion, the Court **DENIES** Ingram's *Compassionate Release Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)*. (ECF No. 36.) Nevertheless, because Ingram has served most of his sentence and will be released from incarceration in February 2020, and because his mother is currently in hospice, the Court **RECOMMENDS** that the Bureau of Prisons immediately transfer Ingram to a Residential Reentry Center for the remainder of his incarceration, so that he may occasionally visit his mother.

**IT IS SO ORDERED.**

7-16-2019
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

4